**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE | ) Chapter 13 |
| | ) |
| Fres William Oquendo, | ) No. 19 B 4127 |
| | ) |
| Debtor. | ) Judge Janet S. Baer |

**NOTICE OF HEARING**

TO: See attached Service List

PLEASE TAKE NOTICE that on January 31, 2020 at 10:30 a.m., the undersigned will appear before the Honorable **Judge Janet S. Baer** at Kane Courthouse, 100 S 3rd Street, Courtroom 240, Geneva, Illinois 60134 and will then and there present the attached **DEBTOR'S OBJECTION TO CLAIMS 11 AND 12 OF SQUARE RING INC.**, at which time you may appear if you so choose.

**Certificate of Service**

I, Penelope N Bach, hereby certify that I caused a copy of this notice to be served by the method stated on the attached service list upon the above parties on December 26, 2019 before the hour of 5:00 p.m. from the office located at 555 Skokie Blvd, Northbrook, IL 60065 and by ECF Mail as stated on the attached service list.

> **BY:** **/S/ PENELOPE N. BACH**
> **BACH LAW OFFICES, INC**
> PO BOX 1285
> NORTHBROOK, IL 60065
> 847-564-0808
> PAUL@BACHOFFICES.COM
> ATTORNEY NO: 6284659

## SERVICE LIST

**Glenn B. Stearns , Chapter 13 Trustee**  **VIA ECF ELECTRONIC DELIVERY**
801 Warrenville Road Suite 650
Lisle, IL 60532

**Fres William Oquendo**  **VIA FIRST CLASS US MAIL**
1555 Mission Court
Bartlett, IL 60103

**Wirt & Wirt**  **VIA FIRST CLASS US MAIL**
770 Bryant Ave
Winnetka, IL 60093

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE | ) Chapter 13 |
| | ) |
| Fres William Oquendo, | ) No. 19 B 4127 |
| | ) |
| Debtor. | ) Judge Janet S. Baer |

**DEBTOR'S OBJECTION TO CLAIMS 11 AND 12 OF
SQUARE RING INC.**

**NOW COMES,** FRES WILLIAM OQUENDO ("Debtor"), by and through his attorneys, Paul M. Bach and Penelope N. Bach of Bach Law Offices, Inc., and pursuant to Federal Bankruptcy Procedure Rule 3007, Objects to Claims 11 and 12 of Square Ring Inc. ("SRI") and in support thereof, states as follows:

1. The Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code on February 15, 2019.

2. On April 26, 2019, SRI filed an unsecured non-priority proof of claim (11-1) for the amount of $33,750.00. *See* attached Exhibit, a true and accurate copy of the proof of claim 11 filed by SRI on April 26, 2019.

3. According to the section 8 and 9 on proof of claim 13, this claim is not money due by the debtor but an interest SRI has in funds held in escrow which is the subject of Adversary Proceeding 19-A-00106.

4. The Debtor does not dispute that SRI has a valid interest to a portion of the monies held in escrow, in which the ruling in the adversary would allow a proper distribution of the escrowed funds.

3

5. There is no claim against the Debtor as there is no debt owed by the Debtor to SRI unless the Debtor is successful in Adversary 10 A 106 at which time funds would be due to SRI from funds held in escrow only.

6. Also on April 26, 2019 SRI filed proof of claim 12 in the amount of $18,125.00. *See* attached Exhibit, a true and accurate copy of the proof of claim 12 filed by SRI on April 26, 2019.

7. According to Section 8 of proof of claim 12, the amount claimed was for TV rights from the "Charr" bout.

8. The Charr bout never took place and therefore there cannot be any money due from Debtor to SRI for TV rights.

9. At best, SRI has an interest in a potential purse bid, but there is no debt owed by the Debtor to SRI for escrow funds or TV rights.

10. The Court, in determining the validity of a proof of claim must determine the amount owed by the Debtor at the time the case was filed and not at some future date.

## STANDARD

11. A proof of claim executed and filed in accordance with Rule 3001 shall constitute prima facie evidence of the validity and amount of the claim. Rule 3001(f).

12. "Claim objectors carry the initial burden to produce some evidence to overcome the rebuttable presumption of validity." *In re Dugar,* 392 B.R. 745, 749 (Bankr.N.D.Ill 2008).

13. "Once the objector has produced some basis for calling into question allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim in fact is allowable." *In re Vanhook¸* 426 B.R. 296, 299 (Bank.N.D. Ill. 2010).

14. "However, the ultimate burden of persuasion always remains with the claimant to prove entitlement to the claim." *In re Watson*, 402 B.R. 294, 297 (Bankr.N.D.Ind. 2009).

**WHEREFORE**, the Debtor, FRES WILLIAM OQUENDO prays this Honorable Court for the following relief:

A. Sustaining Debtor's Objection to Claim 11;

B. Disallowing Claim 11 in its entirety;

C. Sustaining Debtor's Objection to Claim 12;

D. Disallowing Claim 12 in its entirety;

E. For any and all other relief this Court deems fair and proper.

Dated: December 26, 2019               Respectfully Submitted,
                                       **/S/ PENELOPE N. BACH**
                                       **BACH LAW OFFICES, INC**
                                       PO BOX 1285
                                       NORTHBROOK, IL 60065
                                       847-564-0808
                                       PAUL@BACHOFFICES.COM
                                       ATTORNEY NO: 6284659