**Fill in this information to identify the case:**

Debtor 1: Fres Willaim Oquendo

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: Northern District of Illinois

Case number: 19 B 4127

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Square Ring, Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Wirt & Wirt
Name
770 Bryant Ave.
Number  Street
Winnetka, IL 60093
City  State  ZIP Code

Contact phone 847-323-4082

Contact email jwirt@wirtlawfirm.com

Where should payments to the creditor be sent? (if different)

Wirt & Wirt
Name
770 Bryant Ave.
Number  Street
Winnetka, IL 60093
City  State  ZIP Code

Contact phone 847-323-4082

Contact email jwirt@wirtlawfirm.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/___
                                                                            MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410          Proof of Claim          page 1

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 33,750.00. Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

portion of monies in escrow belonging to creditor per escrow agr.

**9. Is all or part of the claim secured?**
☐ No
☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☑ Other. Describe: escrow agreement

**Basis for perfection:** escrow of funds
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ 275,000.00
Amount of the claim that is secured: $ 33,750.00
Amount of the claim that is unsecured: $ 0.00 (The sum of the secured and unsecured amounts should match the amount, in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) 0.00 %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/25/2019
                   MM / DD / YYYY

_/s/ signature_

Signature

Print the name of the person who is completing and signing this claim:

| Name | John Wirt |
|---|---|
| | First name   Middle name   Last name |
| Title | CEO |
| Company | Square Ring, Inc. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 5 Calhoun Ave., Suite 306 |
| | Number   Street |
| | Destin                      FL        32541 |
| | City                        State     ZIP Code |
| Contact phone | 847-323-4082 |
| Email | jwirt@squareringinc.com |

Official Form 410                   Proof of Claim                   page 3

## SRI/HEC OQUENDO BANKRUPTCY CLAIMS CALCULATIONS

| | | | | | |
|---|---|---|---|---|---|
| Purse | $ 50,000.00 | Total Purse and POW Fee | $ 325,000.00 | | |
| German W/O Tax | $ (9,000.00) | 18% David Diaz | $ (20,000.00) | | |
| WBA Fighter Sanction | $ (15,000.00) | WBA Fighter Sanction | $ (15,000.00) | | |
| Net Purse | $ 26,000.00 | Net Available for Dist | $ 290,000.00 | | |
| | | | | | |
| | | SRI | $ 36,250.00 | 12.5% | |
| POW POS Fee | $ 275,000.00 | HEC | $ 22,500.00 | Per 6/6 Agreement | |
| | | Fres | $ 231,250.00 | | |
| | | Less German W/O | $ (9,000.00) | | |
| | | Less Net Purse | $ (26,000.00) | | |
| | | Fres Escrow Amt | $ 196,250.00 | | |
| SRI Escrow Claim | $ 33,750.00 | | | | |
| SRI Foreign Sales | $ 18,125.00 | Reconciliation | | | SRI/HEC reconciliation |
| Total Charr Claims | $ 51,875.00 | POW Escrow | | | |
| | | Fres | $ 196,250.00 | | |
| HEC Escrow Claim | $ 25,000.00 | SRI | $ 33,750.00 | | SRI 12.5% Share | $ 36,250.00 |
| HEC Foreign Sales | $ 26,875.00 | HEC | $ 25,000.00 | | Less June 6 pmt | $ (2,500.00) |
| | $ 51,875.00 | David Diaz | $ 20,000.00 | | SRI Escrow | $ 33,750.00 |
| | | | | | |
| | | Fres Purse | $ 26,000.00 | | HEC 6/6 Share | $ 22,500.00 |
| | | WBA Sanction | $ 15,000.00 | | From SRI | $ 2,500.00 |
| | | German W/O Tax | $ 9,000.00 | | HEC Escrow | $ 25,000.00 |
| | | Total | $ 325,000.00 | | |
| | | | | | |
| | | North American TV Rights | $ 100,000.00 | | |
| | | Incremental rev. foreign TV sales | $ 25,000.00 | | |
| | | Total Additional Rev | $ 125,000.00 | | |

## ESCROW AGREEMENT

This Escrow Agreement (the "Agreement") is made and entered into as of this _____ day of June, 2018 by and among Global Sports Management GmbH ("Global"), Fres Oquendo ("Oquendo"), POW Sports Entertainment, Inc. ("POW"), Square Ring, Inc. ("SRI"), Hitz Entertainment Corporation ("HEC"), David Diaz ("Diaz") and Law Offices Of Leon R. Margules, PA, as escrow agent, 633 South Andrews Ave., Suite 500, Fort Lauderdale, Fl. 33301 ("Escrow Agent").

**WHEREAS**

A. Global and POW previously entered into that certain Heads Of Agreement (the "HOA") as of the 11th day of April, 2018 for Oquendo to fight Manuel Charr ("Charr") for the WBA Heavyweight Championship in a bout (the "Bout") anticipated to be promoted by Global on September 29, 2018 in Cologne, Germany,

B. The parties agreed that Global would place into escrow the sum of US$275,000 payable to POW under the HOA for the Bout,

C. Oquendo, POW, SRI, HEC and Diaz (the "Oquendo Parties") have reached agreement as to the allocation and distribution of the Escrowed Funds among the Oquendo Parties, and

D. Global and the Oquendo Parties (individually, a "Party" and collectively, the "Parties") have agreed to the appointment of the Escrow Agent to hold said monies in escrow pending Oquendo's participation in the Bout.

**NOW, THEREFORE**, in consideration of the mutual promises set forth herein, the parties agree as follows:

1. Global shall deposit the sum Two Hundred Seventy Five Thousand U.S. Dollars (US$275,000) (the "Escrowed Funds") into the IOLTA Client Trust Account (the "Escrow Account") of the Escrow Agent immediately upon execution of this Agreement.

2. The Escrow Agent shall hold the Escrowed Funds until the Bout has occurred between Charr and Oquendo or the funds are otherwise released pursuant to this agreement. The Bout is currently scheduled to occur on September 29th, 2018 in Cologne, Germany.

3. Upon the conclusion of the Bout, the Escrowed Funds shall be distributed to the Oquendo Parties upon either a) a writing from Global that the Bout has taken place or b) certification from any of the Oquendo Parties that Oquendo participated in the Bout, corroborated by a news article from Boxingscene.com that the Bout has occurred. The Escrow Agent shall wire transfer the Escrowed Funds in the Escrow Account to a bank account as designated by each of the following Oquendo Parties as follows:

   a. Oquendo - One Hundred Ninety Six Thousand Two Hundred Fifty U.S. Dollars (US$196,250);
   b. SRI - Thirty Three Thousand Seven Hundred Fifty U.S. Dollars (US$33,750);

  c. HEC - Twenty Five Thousand U.S. Dollars (US$25,000); and

  d. Diaz - Twenty Thousand U.S. Dollars (US$20,000).

POW understands and agrees that none of the Escrowed Funds will be distributed to it. Notwithstanding the foregoing, in the event any regulatory agency or the WBA requires that all or a portion of the Escrowed Funds be withheld as a result of any alleged infraction, such Escrowed Funds as required to be withheld shall not be distributed until directed by the regulatory agency. In such event, the Escrow Agent shall not distribute any non-withheld Escrowed Funds unless and until the Escrow Agent receives a joint instruction from each of the Oquendo Parties as to the allocation and distribution of such non-withheld Escrowed Funds.

4. The Escrowed Funds shall become payable and vest in the Oquendo Parties upon the ringing of the bell for Round 1 of the Bout except as otherwise stated herein.

5. If the Bout between Oquendo and Charr is postponed and rescheduled as provided in Paragraph 5 of the HOA, said Escrowed Funds shall become payable upon the occurrence of the rescheduled Bout as provided for and pursuant to the terms set forth in paragraphs 1 through 4 above.

6. If the Bout between Oquendo and Charr does not occur as currently scheduled and the Bout is not rescheduled as provided in Paragraph 5 of the HOA, Global shall provide a certification to the Escrow Agent that the Bout has been cancelled, corroborated by a news article from Boxingscene.com reporting that the Bout has been cancelled and all of the Escrowed Funds shall be returned to Global, provided, however, notwithstanding any other provision of this Agreement, the Escrow Agent shall notify each of the Parties in accordance with Paragraph 16 below upon its receipt (i) of the Escrowed Funds and (ii) of each request (a "Disbursement Request") by a Party for the disbursement of Escrowed Funds. The Escrow Agent shall not disburse any of the Escrowed Funds until 2 days after providing such notification If it is claimed that the event forcing cancellation was the responsibility of Global any such claim must be made in good faith and any objection must set forth the reason it is claimed that the cancellation is the responsibility of Global. Any such contention must be made in writing within 2 days following such notification. In such case the Escrow Agent shall not disburse any of the Escrowed Funds unless and until it receives joint instruction from the Parties or a non-appealable order from a court of competent jurisdiction, at which time it shall disburse the funds to the Parties as their interests may appear, provided that in the event such objection is made by any of the Oquendo parties, any litigation to determine the issue will be held exclusively in a court of competent jurisdiction located in Germany . Disbursement shall also be subject to any directive to hold distribution issued by either the WBA or BDB.

7. Each Party to this agreement will supply wire transfer information to the Escrow Agent via email to: Marguleslaw@yahoo.com.

8. This Agreement shall be governed and construed and the forum for any dispute arising out of or related to this Agreement shall be in accordance with Paragraph 8 of the HOA; provided, however, that any interpleader action commenced by the Escrow

Agent may be filed in the applicable Courts located in the State of Florida. As an alternative method of personal service, each of the parties irrevocably consents to the service of any and all process in any action or proceeding arising out of or related to this Agreement by the e-mailing of copies to the e-mail addresses set forth in Paragraph 16 below.

9. The Escrow Agent shall not be liable for any error in judgment or for any act done or omitted by it in good faith, or for anything which it may do in good faith or refuse from doing in connection therewith. The Parties, individually and jointly, shall indemnify and hold harmless the Escrow Agent from and against any and all claims, costs, expenses, damages and losses in connection with the performance by the Escrow Agent of its obligations under this Escrow Agreement, except such claims, costs, expenses, damages and losses by the gross negligence or willful default of the Escrow Agent. If substantial time is expended by Escrow Agent as a result of any dispute between the parties, the parties agree that Escrow Agent's fee for such time shall be Three Hundred and Fifty Dollars per hour ($350.00/hr), split equally between the Oquendo Parties and Global.

10. Any provision of this Escrow Agreement found to be prohibited by law shall be ineffective only to the extent of such prohibition and shall not invalidate the remainder of this Escrow Agreement.

11. Escrow Agent may deduct any wire transfer fees incurred prior to distribution of the escrowed funds.

12. The Escrow Agreement shall terminate, insofar as Escrow Agent's responsibilities are concerned, upon distribution of all monies held by him hereunder.

13. This Escrow Agreement may be modified only by an agreement signed by all of the Parties and the Escrow Agent. Electronically transmitted signatures shall be considered as originals.

14. Except for the HOA, this Agreement sets forth the entire agreement among the parties with respect to its subject matter, and supersedes and replaces all prior and contemporaneous warranties, representations, and agreements whether written or oral.

15. Any notice, including, without limitation, each Disbursement Request, required or desired to be given hereunder shall be in writing and sent by e-mail addressed as follows:

   a. Global: bt@teleworx.de
      with a copy to: dinesandenglish@aol.com and cj@ugj.biz

   b. Oquendo: fastfres@gmail.com
      with a copy to: staceyoquendo1@gmail.com

   c. POW: jwirt@wirtlawfirm.com

   d. SRI: jwirt@squareringinc.com

e. HEC: bobbyhitzboxing@aol.com

f. Diaz: david.diaz@veteransmotortransport.com

g. Escrow Agent: marguleslaw@yahoo.com

All such notices shall be deemed given when mailed, e-mailed or sent by confirmed facsimile.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of day and year first above written.

**Global Sports Management, GmbH, as a Party**

By:_____

_/s/ Fres Oquendo_ Date: 7/2/2018
Fres Oquendo as a Party

**POW Sports Entertainment, Inc., as a Party**
By: _/s/_ Date: 7-2-18

**Square Ring, Inc., as a Party**
By: _/s/_ Date: 7-2-18

**Hitz Entertainment Corporation, as a Party**
By:_____ Date:_____

_____ Date:_____
David Diaz, as a Party

_____ Date:_____

**Law Offices Of Leon R. Margules, PA, as Escrow Agent**
By: _/s/_ Date: 6/29/18

  e. HEC: bobbyhitzboxing@aol.com

  f. Diaz: david.diaz@veteransmotortransport.com

  g. Escrow Agent: marguleslaw@yahoo.com

All such notices shall be deemed given when mailed, e-mailed or sent by confirmed facsimile.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of day and year first above written.

**Global Sports Management, GmbH, as a Party**

By:_____

_____ Date:_____
**Fres Oquendo as a Party**

**POW Sports Entertainment, Inc., as a Party**

By:_____ Date:_____

**Square Ring, Inc., as a Party**

By:_____ Date:_____

**Hitz Entertainment Corporation, as a Party**

By: [signature] Date: 7-1-18

_____ Date:_____
**David Diaz, as a Party**

_____ Date:_____

**Law Offices Of Leon R. Margules, PA, as Escrow Agent**

By: [signature] Date: 6/29/18

e. HEC: bobbyhitzboxing@aol.com

f. Diaz: david.diaz@veteransmotortransport.com

g. Escrow Agent: marguleslaw@yahoo.com

All such notices shall be deemed given when mailed, e-mailed or sent by confirmed facsimile.

IN WITNESS WHEREOF, the parties have executed this Agreement as of day and year first above written.

Global Sports Management, GmbH, as a Party

By:_____

_____ Date:_____
Fres Oquendo as a Party

POW Sports Entertainment, Inc., as a Party

By:_____ Date:_____

Square Ring, Inc., as a Party

By:_____ Date:_____

Hitz Entertainment Corporation, as a Party

By:_____ Date:_____

_____[signed]_____ Date: 1-2-2018
David Diaz, as a Party

_____ Date:_____

Law Offices Of Leon R. Margules, PA, as Escrow Agent

By:____[signed]_____ Date: 6/28/18

    e. HEC: bobbyhitzboxing@aol.com

    f. Diaz: david.diaz@veteransmotortransport.com

    g. Escrow Agent: marguleslaw@yahoo.com

All such notices shall be deemed given when mailed, e-mailed or sent by confirmed facsimile.

    **IN WITNESS WHEREOF**, the parties have executed this Agreement as of day and year first above written.

**Global Sports Management, GmbH, as a Party**

By: _[signature]_    09.07.2018

_____ Date:_____
**Fres Oquendo as a Party**

**POW Sports Entertainment, Inc., as a Party**

By:_____ Date:_____

**Square Ring, Inc., as a Party**

By:_____ Date:_____

**Hitz Entertainment Corporation, as a Party**

By:_____ Date:_____

_____ Date:_____
**David Diaz, as a Party**

_____ Date:_____

**Law Offices Of Leon R. Margules, PA, as Escrow Agent**

By: _[signature]_    Date: 6/29/18

**Fill in this information to identify the case:**

Debtor 1: Fres William Oquendo

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: Northern District of Illinois

Case number: 19 B 4127

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Square Ring, Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Wirt & Wirt
Name

770 Bryant Ave.
Number   Street

Winnetka          IL       60093
City            State    ZIP Code

Contact phone 847-323-4082

Contact email jwirt@wirtlawfirm.com

Where should payments to the creditor be sent? (if different)

Name _____

Number   Street _____

City   State   ZIP Code _____

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/_____
                                                                    MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ _____18,125.00__. Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

TV rights from Charr bout

**9. Is all or part of the claim secured?**
☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____
Amount of the claim that is secured: $ _____
Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410                           Proof of Claim                                  page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  04/25/2019
                  MM / DD / YYYY

Signature: /s/ John Wirt

Print the name of the person who is completing and signing this claim:

Name: John Wirt
    First name    Middle name    Last name

Title: CEO

Company: Square Ring, Inc.
    Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 5 Calhoun Ave., Suite 306
    Number    Street
    Destin                              FL          32541
    City                                State       ZIP Code

Contact phone: 847-323-4082    Email: jwirt@wirtlawfirm.com

Case 19-04127    Doc 110-1    Filed 12/26/19    Entered 12/26/19 12:43:21    Desc
Attachment Proof of Claims 11 and 12    Page 15 of 15

Case 19-04127    Claim 12    Filed 04/26/19    Desc Main Document    Page 4 of 4

## SRI/HEC OQUENDO BANKRUPTCY CLAIMS CALCULATIONS

| | | | | | |
|---|---|---|---|---|---|
| Purse | $ 50,000.00 | Total Purse and POW Fee | $ 325,000.00 | | |
| German W/O Tax | $ (9,000.00) | 18% David Diaz | $ (20,000.00) | | |
| WBA Fighter Sanction | $ (15,000.00) | WBA Fighter Sanction | $ (15,000.00) | | |
| Net Purse | $ 26,000.00 | Net Available for Dist | $ 290,000.00 | | |
| | | | | | |
| | | SRI | $ 36,250.00 | 12.5% | |
| POW POS Fee | $ 275,000.00 | HEC | $ 22,500.00 | Per 6/6 Agreement | |
| | | Fres | $ 231,250.00 | | |
| | | Less German W/O | $ (9,000.00) | | |
| | | Less Net Purse | $ (26,000.00) | | |
| SRI Escrow Claim | $ 33,750.00 | Fres Escrow Amt | $ 196,250.00 | | |
| SRI Foreign Sales | $ 18,125.00 | | | | |
| Total Charr Claims | $ 51,875.00 | Reconciliation | | SRI/HEC reconciliation | |
| | | POW Escrow | | | |
| | | Fres | $ 196,250.00 | | |
| HEC Escrow Claim | $ 25,000.00 | SRI | $ 33,750.00 | SRI 12.5% Share | $ 36,250.00 |
| HEC Foreign Sales | $ 26,875.00 | HEC | $ 25,000.00 | Less June 6 pmt | $ (2,500.00) |
| | $ 51,875.00 | David Diaz | $ 20,000.00 | SRI Escrow | $ 33,750.00 |
| | | | | | |
| | | Fres Purse | $ 26,000.00 | HEC 6/6 Share | $ 22,500.00 |
| | | WBA Sanction | $ 15,000.00 | From SRI | $ 2,500.00 |
| | | German W/O Tax | $ 9,000.00 | HEC Escrow | $ 25,000.00 |
| | | Total | $ 325,000.00 | | |
| | | | | | |
| | | North American TV Rights | $ 100,000.00 | | |
| | | Incremental rev. foreign TV sales | $ 25,000.00 | | |
| | | Total Additional Rev | $ 125,000.00 | | |